**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD J. GLAIR,

Plaintiff - Appellant,

v.

NATIONAL EVALUATION SERVICES,
Erroneously Sued As National Evaluation
Systems,

Defendant - Appellee.

No. 09-56161

D.C. No. 2:08-cv-02685-DSF-
AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Richard J. Glair appeals pro se from the district court's summary judgment

in his action alleging breach of contract, negligence, and constitutional claims,

arising from Glair's failure to pass the California Subject Examination of Teachers

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CSET").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's grant of summary judgment.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).  We review for an abuse of discretion the denial of leave to amend.  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002).  We affirm.

The district court properly granted summary judgment because Glair's claims were barred by the limitation and waiver of liability provisions in the registration for the CSET.  *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (contract provision is enforceable unless it is procedurally and substantively unconscionable); *Tunkl v. Regents of Univ. of Cal.*, 383 P.2d 441, 445-46 (Cal. 1963) (enumerating factors to determine whether an exculpatory provision is invalid because it involves the "public interest").

The district court did not abuse its discretion in denying Glair's motion for leave to file a first amended complaint.  *See Lipton*, 284 F.3d at 1039 (affirming denial of leave to amend where amendment would be futile).

Glair's remaining contentions are unpersuasive.

We deny Glair's motion to supplement the record.

**AFFIRMED.**